# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK R. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JEROME PRICE,<br><br>    Respondent. | Case No. 1:16-cv-00073- EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he challenges his 1987 conviction in the Kern County Superior Court for attempted burglary. Petitioner argues that the trial court breached the plea agreement and that trial counsel failed to object or investigate. (ECF No. 1 at 5, 7).[1]

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2254(a). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question [the Court] must consider.'" Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)). The Supreme Court has interpreted § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Bailey, 599 F.3d at 978-79. A habeas petitioner is no longer "in custody" under a conviction after the sentence imposed for it has fully expired. Maleng, 490 U.S. at 492.

Here, Petitioner challenges his 1987 attempted burglary conviction for which he was sentenced to a term of 14 months of imprisonment. In that case, Petitioner indicates that he was not convicted of more than one count or of more than one crime. (ECF No. 1 at 1). Although Petitioner is currently incarcerated at Deuel Vocational Institution, it appears that he is in custody pursuant to a 1999 Kern County Superior Court judgment. According to the instant petition, on September 8, 1999, Petitioner was sentenced to a term of imprisonment of 38 years to life. (Id. at 13).

If Petitioner is no longer in custody pursuant to the 1987 conviction he attempts to challenge, and is instead in custody pursuant to the 1999 judgment, Petitioner is not entitled to challenge the 1987 conviction through a habeas corpus petition in this Court. Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE within **THIRTY (30) days** of the date of service of this order why the petition should not be dismissed. In Petitioner's response, Petitioner must tell the Court for which judgment he is currently incarcerated.

Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed for Petitioner's failure to follow a Court order.

IT IS SO ORDERED.

Dated: **January 27, 2016**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE