# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK R. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JEROME PRICE,<br><br>    Respondent. | Case No. 1:16-cv-00073- DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Fredrick R. Brown is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges a 1999 criminal judgment in the Kern County Superior Court on the basis that the sentence imposed was unlawfully enhanced by his prior 1987 conviction. As Petitioner has previously sought federal habeas relief with respect to the challenged conviction and sentence, the Court finds that dismissal of the petition is warranted pursuant to 28 U.S.C. § 2244(b) because it is an unauthorized successive petition.

## I.

## BACKGROUND

On January 5, 2016, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1). On January 13, 2016, the matter was transferred to this Court. (ECF No. 4). On January 27, 2016, the Court

1

ordered Petitioner to show cause why the instant petition should not be dismissed for lack of jurisdiction. (ECF No. 9). The Court had interpreted the instant petition as challenging Petitioner's 1987 conviction in the Kern County Superior Court of attempted burglary, and it appeared to the Court that Petitioner was no longer in custody pursuant to the 1987 conviction.

On February 25, 2016, Petitioner filed a response to the order to show cause. (ECF No. 12). Petitioner argues that the Court should construe the instant petition as asserting a challenge to the 1999 Kern County Superior Court judgment (for which he is currently in custody) that was enhanced by his 1987 conviction, in violation of the terms of his plea agreement. (Id. at 2).[1]

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  dismiss any second or successive petition unless the Court of Appeals has given a petitioner
2  leave to file the petition because a district court lacks subject-matter jurisdiction over a second or
3  successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

4  Upon review of the petition and Petitioner's response to the order to show cause, it
5  appears the instant federal habeas petition challenges the 38-years-to-life sentence imposed in
6  1999 by the Kern County Superior Court. (ECF No. 1 at 13; ECF No. 12 at 2). Petitioner
7  previously sought federal habeas relief in this Court with respect to the same judgment. Petition
8  at 1, Brown v. Kane, No. 1:06-cv-00804-SMS (E.D. Cal. June 23, 2006), ECF No. 1.[2] This
9  previous petition was dismissed as untimely. Brown v. Kane, No. 1:06-cv-00804-SMS, 2008 WL
10 686120 (E.D. Cal. Mar. 13, 2008). Petitioner appealed the dismissal to the Ninth Circuit Court of
11 Appeals, and the Ninth Circuit denied the request for a certificate of appealability. Order, Brown
12 v. Kane, No. 08-15742 (9th Cir. Jan. 15, 2009).

13 The Court finds that the instant petition is "second or successive" under § 2244(b). See
14 McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir.2009) (holding "dismissal of a first habeas
15 petition for untimeliness presents a 'permanent and incurable' bar to federal review of the
16 underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner
17 makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive
18 petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for
19 relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.

### RECOMMENDATION

22 Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
23 corpus be DISMISSED as successive.

24 This Findings and Recommendation is submitted to the assigned United States District
25 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
26 Rules of Practice for the United States District Court, Eastern District of California. Within

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

**THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 30, 2016**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE